UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>KAMULUDEEN ADEBOYE GIWA, )<br>)<br>Defendant. )<br>_____ ) | Case No. 2:05-cr-0132-RLH-LRL<br><br>**O R D E R**<br>(Motion Pursuant to §2255–#477)<br>(Motion to Amend Judgment–#491) |

Before the Court is Defendant Giwa's **Motion Pursuant to 28 U.S.C. §2255 to Vacate Set Aside or Correct Sentence by a Person in Federal Custody** (#477, filed May 14 or 17, 2010). It is supported by a Memorandum in Support of Motion to Vacate . . . (#478, filed on the same date). Pursuant to an order of this Court, the Government filed its Response (#480) on August 13, 2010. In response to Defendant Giwa's Motion to Extend Time to Respond (#488) to the Government's Response, the Court granted Giwa an extension to December 6, 2010 to file his Reply (See Order #489, filed November 15, 2010). On December 1, 2010, Giwa filed a **Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e)** (#491) and an unnamed handwritten document (#492) which addresses the primary subject of the foregoing Motion (#491). Because no reply in support of the original §2255 motion has been filed within the time required, the Court will consider the Motion to Alter (#491) and subsequent unnamed document (#492) as a reply in support of the §2255 motion, as well as an independent motion. However, the Court will not await a response to the Motion to Alter, as it primarily addresses this Court's prior ruling about a motion which was never filed or served.

BACKGROUND

Giwa is in federal custody pursuant to a sentence by this Court. He has an extensive criminal history in this country. He is in this country illegally. In 1995, at age 24, he was arrested for making a False Statement in Passport Application, to which he pled guilty. In 1996, he was arrested against and convicted for the same offense. In 1997, he was arrested and convicted in this Court of Conspiracy to commit Bank Fraud. In 1999, he was arrested and indicted on 23 counts of Mail Fraud, Access Device Fraud, Laundering of Money Instruments, and Aiding and Abetting. He pled guilty in this Court to two counts of Mail Fraud. He was on supervised release on these crimes at the time of the instant offense.

The conviction in this case resulted from an identity theft scheme that compromised at least 60 access devices, affected more than 100 victims, and resulted in losses totaling approximately one million dollars. He had sources who agreed to acquire and provide him with victims' personal information, credit card account numbers, and credit reports. He directed co-schemers to use the information to get credit card companies to send out replacement cards and then to use the cards to obtain cash advances and make purchases.

On April 13, 2005, Giwa was charged, together with eight other co-defendants, in 14 counts, with Conspiracy, False Official Statement, Mail Fraud, Identity Theft, Access Device Fraud, Aggravated Identity Theft, and Aiding and Abetting. By May 25, 2006, the other eight co-defendants had pled guilty pursuant to plea agreements, describing under oath the activities of all the defendants underlying the scheme. On September 5, 2007, Giwa pled guilty to all 14 counts pursuant to a plea agreement which provided, *inter alia*, that the Court may consider any and all other relevant conduct whether charged or uncharged, in determining the sentence. The plea agreement also contained an exhaustive recitation of facts in support of his plea to which Giwa testified, under oath, were true.

This Court's sentence included a 4-level enhancement based on the evidence that Giwa was a leader and organizer. Notwithstanding his waiver of his right to appeal the Court's

sentence, Giwa appealed his conviction and the sentence with respect to the 4-level enhancement to the Ninth Circuit Court of Appeals. On June 15, 2009, Giwa's conviction and sentence was affirmed by the Circuit Court (#265), which specifically found there was a factual basis for the leadership enhancement. Much of the bases for this §2255 motion rests on Giwa's claim that his counsel was ineffective because he failed to remove some language from the statement of facts in the plea agreement from which this Court could conclude that he was a leader and organizer.

During the change of plea colloquy, the Court, with the Defendant Giwa being under oath, asked generally if he had read the plea agreement, if he understood it, if he had discussed it with his attorney. To all those questions he answered, "Yes." He was also specifically reminded that he was under oath as the Court asked if he had read the Statement of Facts in support of the guilty plea, which were contained in the plea agreement. He answered, "Yes." He was asked if he read the Statement of Facts thoroughly. He said, "Yes." The Court said, "It's fairly long and I want to make sure that you read it entirely and thoroughly." Again, he answered, "Yes." He was then asked if he admitted "to the statements that are contained - - all the statements that are contained in that Statement of Facts." Again, he answered, "Yes." He was then asked if he was pleading guilty freely and voluntarily. He replied, "Voluntary, yes." He was asked if he was pleading guilty because he was, in fact, guilty, and not for some other reason. He answered, "Yes."

Defendant Giwa brings the §2255 motion based upon three grounds: (1) ineffective assistance of counsel; (2) his due process rights to be sentenced on accurate information was violated, in violation of the Fifth Amendment; and (3) the Presentence Report was in error.

DISCUSSION of §2255 MOTION

In Giwa's Memorandum in Support of his Motion (#478) he changes the order of the bases for his motion and consolidates them into two Grounds. There, Ground One is identified as the violation of his due process right to be sentenced on accurate information. After admitting that, although the Presentence Report recommended a 2-level enhancement for sophisticated means, the Court declined to apply that enhancement, Giwa claims that his criminal history was calculated

incorrectly. His claim is based on his argument that the Report erroneously applied separate points for two separate crimes for which he received concurrent sentences. Under the Sentencing Guidelines, if the crimes are separate and result in separate criminal history points, the fact that the sentences were served concurrently does make them the same crime. Furthermore, he waived the right to challenge the criminal history calculation in the plea agreement. Finally, he not only waived his right to seek relief under 28 U.S.C. §2255, except for ineffective assistance of counsel, Section 2255 may not be invoked to relitigate questions which were or should have been raised on direct appeal from the judgment of conviction. *Evans v. Mitchell,* 458 F.2d 993, 993 (9th Cir. 1972) (citing U.S. v. Marchese*,* 341 F.2d 782, 789 (9th Cir. 1965)). This Court has already ruled on this argument. Giwa objected to his criminal history points during the district court proceedings, Probation explained its rationale, and the Court overruled the objections.

        This Ground is without merit.

        Ground Two in the Memorandum claims his conviction was obtained by a plea which was not voluntarily nor intelligently made. This ground is based on his claim that in the first plea agreement proffered by the Government there was a specific 4-level enhancement for his being a leader and organizer, which he rejected. He claims his attorney was able to persuade the Government to remove that calculation from the plea agreement, but failed to remove any reference to facts that might support that enhancement from the Statement of Facts, and that he and his attorney did not discover that until the sentencing. He contends that his attorney was ineffective for failing to ensure that those facts were removed. He acknowledges that his attorney raised those arguments and objections at the time of sentencing. During the lengthy sentencing hearing, this Court patiently listened to the extensive arguments of counsel on this subject, but concluded that the known facts from the Presentence Report and his plea agreement, signed by Giwa, not to mention statements under oath to this Court, by the other defendants in their change of plea colloquies, all establish and corroborate that Giwa was an organizer and leader in this criminal conspiracy. This Court found, "The evidence in ths case is clear and convincing to this Court that he was the leader."

1  Giwa's only challenge is that the facts do not support the finding that he was a leader.
2  As to the facts themselves, he swore, under oath, that they were all true!  Furthermore, this specific
3  issue was addressed and affirmed by the Ninth Circuit Court of Appeals.
4  The claim that any of this resulted from the ineffective assistance of his counsel is
5  totally without merit.  His attorney pursued this issue extensively.  Giwa's not wanting the
6  leadership enhancement, or telling his counsel that he did not want the leadership enhancement,
7  does not change the facts to which he swore, nor their accuracy.

DISCUSSION OF MOTION TO ALTER

9  Giwa's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) (#491)
10 has no basis in rule or fact.  A motion to alter or amend a judgment under Rule 59(e) must be
11 brought within 25 days of the judgment.  The motion refers to the Court's refusal to consider a
12 motion.  It does not address a judgment.  Moreover, the "judgment" in this case was entered three
13 years ago, on December 21, 2007.
14 The statement of facts and arguments made in the motion demonstrate a total
15 misunderstanding of the procedural history of this case.  As stated above, the Court received Giwa's
16 Motion Pursuant to 28 U.S.C. §2255 to Vacate Set Aside or Correct Sentence by a Person in Federal
17 Custody (#477) on either May 14 (the date stamped on the document) or May 17 (the date shown on
18 the docket sheet), 2010.  He claims he mailed such a motion in March but discovered the Court did
19 not receive it, so he mailed the one presently before the Court (the one discussed above).
20 Later he filed a Motion to Compel a Ruling on Petitioner's Motion to File Amended
21 and Supplemental Claim to Motion to Vacate, Set Aside, or Correct Sentence (#487).  In that
22 motion he claimed that a week after he filed the motion addressed above that he filed a Motion to
23 File Amended and Supplemental Claim.  His motion to compel demanded that the Court rule on that
24 motion.  However, as explained in this Court's Order (#489, filed November 15, 2010), there was
25 no such motion filed, although there was a Supplement to his Section 2255 motion, which is
26 document # 478, considered above.  Indeed, such a motion would have constituted a second §2255

5

motion which cannot be done without permission of the Circuit Court.  Accordingly, the Court denied his motion to compel.

The Court assumes that his Motion to Alter is a request for reconsideration of the Court's order denying the motion to compel.  However, the text of the motion demands the Court address a motion placed in the prison mail system on May 12, 2010.  That, however, would conform to the dates of the §2255 motion addressed above.  He asks that the time to file his motion be tolled if it was not mailed by the prison.  However, the §2255 Motion addressed above was received and it was received timely, so there is no need for a tolling of the time to file that motion.  If he refers to his motion for leave to amend his §2255 motion, it still has not been filed.  He has not forwarded an additional copy, and makes no reference to the content of such a motion or the content of any alleged amendment to the original motion.  Accordingly, for the reasons stated above, this motion will also be denied.

IT IS THEREFORE ORDERED that Defendant Giwa's **Motion Pursuant to 28 U.S.C. §2255 to Vacate Set Aside or Correct Sentence by a Person in Federal Custody** (#477) is DENIED.

IT IS FURTHER ORDERED that Giwa's **Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e)** (#491) is DENIED.

IT IS FURTHER DECLARED that the foregoing motions and decisions regarding the same present to reasonable bases for appeal on any issues upon which reason minds could disagree, and no Certificate of Appealability will be issued.

Dated: December 15, 2010.

_____
Roger L. Hunt
Chief United States District Judge