**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:05-cr-00132-RLH-LRL |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| KAMULUDEEN ADEBOYE GIWA, | ) | (Petition to Correct Error - #513) |
| Defendant. | ) | |

Before the Court is Defendant's **Petition to Correct a Clerical Error Pursuant to Rule 36** (#513, filed June 11, 2015). The Government filed a Response in Opposition (#515), to which Defendant Giwa filed an Opposition to the Government's Response (#517). This is yet another effort by Giwa to raise issues which have previously been addressed, denied and affirmed. It will be denied again.

The facts surrounding the Plea Agreement, the Presentence Report (PSR), the objections thereto, the sentencing, the subsequent motions and appeals are more than adequately described in prior documents filed by the Court and will not be repeated here. Essentially, Defendant Giwa claims that the PSR incorrectly assumed there was an arrest between two separate crimes for which he was charged in California when in fact there was not. This erroneous assumption in the PSR, he claims, caused there to be two additional criminal history points added in the calculation of his criminal history.

In this case he pleaded guilty to 14 counts involving conspiracy, making false official statements, mail fraud, identity theft, access device fraud, and aggravated identity theft (together with aiding and abetting). In the plea agreement, Defendant Giwa waived his right to appeal "any sentence that is imposed within the applicable Sentencing Guidelines range as *determined*

*by the Court*[,] . . . the manner in which that sentence was determined on the grounds set forth in Title 18, U.S.C. Section 3742, and . . . any other aspect of the conviction or sentence (emphasis added)." He further waived the right "to bring any collateral attack against his convictions or sentence, including his right to file a petition under Title 28, U.S.C. Section 2255, except for a claim of ineffective assistance of counsel.

Defendants filed objections to the PSR, arguing, *inter alia*, that the PSR erred in its assessment of criminal history points for the convictions listed in paragraphs 108-111 of the PSR (which are the identical paragraphs referred to in the present petition as erroneous), filed a sentencing memorandum which likewise argued that the two California convictions referred to in these paragraphs should be treated as one. Those objections and arguments were overruled by the Court, which sentenced him to 150 months.

Notwithstanding his appellate waiver, Defendant Giwa filed an appeal, which was affirmed by the Ninth Circuit Court of Appeals, noting his waiver of right to appeal the sentencing guideline determination.

Giwa then filed a Section 2255 motion asserting the same claims that paragraphs 108 and 109 of the PSR were erroneous. That was denied by the Court. He sought appeal again, but both this Court and the Ninth Circuit denied his request for a certificate of appealability.

The only difference between the earlier attempts to argue that the two crimes (both of which involved making false statements to obtain a passport), which occurred months apart, should be treated as one crime, is that on prior arguments he also argued that they should be treated as one because they were sentenced together and received concurrent sentences. Now he emphasizes that the error was that the PSR assumed there had been an intervening arrest between the two crimes when there was not. (Apparently, the Defendant was arrested for the second crime and during that investigation, the first crime, which happened months earlier, was discovered.)

The fact of the matter is that neither the concurrent sentence, nor the absence of an intervening arrest between two crimes, makes them one crime. They are two distinct crimes, committed at two distinct times, months apart. An erroneous assumption by the author of the PSR, that there was an intervening arrest, is irrelevant for the purposes of the sentence.

1    Furthermore, Defendant Giwa long ago, as this Court and the Appellate Court have
2 previously tried to impress upon him, waived his right to appeal the calculation of his Sentencing
3 Guidelines.
4    Finally, this is not a clerical error as anticipated by Rule 36, under which he now tries to
5 reassert this same claim.  "Rule 35 is a vehicle for correcting clerical mistakes but it may not be
6 used to correct judicial errors in sentencing."  *United States v. Penna*, 319 F.3d 509, 513 (9th Cir.
7 2003) (citing *United States v. Housepian*, 307 F.3d 922, 927 (9th Cir. 2002)) ("Rule 35 is
8 generally the only vehicle available for resentencing unless the case is on remand from the Court
9 of Appeals."); *See also*, *United States v. Kaye*, 739 F.2d 488, 490 (9th Cir. 1984) ("[T]he
10 provisions of Rule 36 do not permit a substantive change in the period of incarceration which the
11 defendant must serve.").  Even if his arguments had merit–and they do not, as demonstrated by
12 this Court and the Court of Appeals–Rule 36 is not the vehicle for correcting as erroneous
13 assumption in the PSR at this late date.
14    IT IS THEREFORE ORDERED that Defendant's **Petition to Correct a Clerical Error**
15 **Pursuant to Rule 36** (#513) is DENIED.
16    Dated: August 10, 2015.

_____
**Roger L. Hunt**
**United States District Judge**